### R. A. WELLONS, TRUSTEE, v. A. G. JOHNSTON ET AL.

(Filed 26 September, 1928.)

**Pleadings—Counterclaim—When Counterclaim May Be Set Up.**

> Where a corporation gives its note to its president to secure him against any loss he might sustain by reason of his endorsement of the corporation's notes, and the president transfers the note to a third person, who brings suit, the corporation may not set up as a counterclaim in the action indebtedness due the corporation by the president. C. S., 521.

APPEAL by plaintiff from judgment of *Daniels, J.,* dated 17 August, 1928. Affirmed.

This action was begun in the Superior Court of Johnston County to recover upon a note for the sum of $10,000.00, executed by defendants, and now held by plaintiff as assignee of E. F. Boyette, payee therein. It was referred to Hon. D. H. Bland for trial.

The note contains a clause reciting that it is "given to protect E. F. Boyette against any loss that he may sustain by reason of his personal endorsement on notes for the Farmers Warehouse, Inc., and also for any

loss that he may sustain by reason of his personal securities which he has deposited to secure the obligations of the Farmers Warehouse, Inc. This note nor no portion of the same is to be paid except as the said E. F. Boyette proves that he has sustained a loss as outlined above." E. F. Boyette was the president, and the defendants were directors of said Farmers Warehouse, Inc., which has ceased to do business.

Defendants in their answer to the complaint plead certain alleged indebtedness of said E. F. Boyette to the Farmers Warehouse, Inc., as counterclaims in this action.

From judgment affirming an order of the referee overruling plaintiff's demurrer to said counterclaims, plaintiff appealed to the Supreme Court.

*Wellons & Wellons for plaintiff.*
*Abell & Shepard for defendants.*

PER CURIAM. The indebtedness of E. F. Boyette to Farmers Warehouse, Inc., alleged in the answer, and relied upon by defendants as counterclaims against plaintiff, do not constitute counterclaims within the meaning of the statute. C. S., 521. Whether or not such indebtedness may be established and considered in determining the amount, if any, for which defendants are liable to plaintiff, cannot now be decided. The decision must be reserved until the facts with respect to such indebtedness have been found by the referee and reported, with his conclusions of law, to the court. This is in effect the holding of the referee, as we construe his order. There is no error in the order as thus construed, and the judgment affirming same must be

Affirmed.